## Glick, Appellant, *v.* Doyle.

*Landlord and tenant—Distress—Replevin—Agreement as to repairs—Extension of time.*

Where a landlord distrains under a lease containing no covenant to repair, and the tenant replevies the goods, and it appears that the distress was made in the month of March for rent then due, the tenant at the trial of the replevin suit, will not be permitted to show that prior to the distress the lessor had made a parol agreement with him by which he promised that after the first of April he would repair the property, and that he would so extend the time of payment of the rent beyond the periods in the written lease, that the tenant should have until the summer of that year to make up the payments not only of the rent then in arrears, but also of that accruing each month in the meantime.

Argued Nov. 21, 1911. Appeal, No. 24, Oct. T., 1911, by plaintiff, from judgment of C. P. Chester Co., April T., 1909, No. 48, on verdict for defendant in case of Morris Glick v. Patrick Doyle and A. Brown Waters. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Replevin to determine the right to a stock of goods. Before HEMPHILL, P. J.

At the trial it appeared that the plaintiff's goods were levied upon on March 17, 1909, for rent alleged to be due.

342        GLICK, Appellant, *v.* DOYLE.

Statement of Facts—Opinion of the Court.    [49 Pa. Superior Ct.

When Benjamin Stern, a witness for the plaintiff, was on the stand, the following offer was made:

I offer to prove by this witness that the condition of the house was not tenantable, and that the defendant Waters went down about the premises, and agreed with the plaintiff that if he would stay on another year, that necessary repairs were to be made right after April 1.

Mr. Talbot: That is objected to.

The Court: Objection sustained.    Exception.

Verdict and judgment for defendant for $124.23. Plaintiff appealed.

*Error assigned* was above ruling on evidence, quoting the bill of exceptions.

*W. S. Harris,* for appellant.

*Walter Talbot,* for appellee.

OPINION BY HEAD, J., March 1, 1912:

The plaintiff was the tenant of the defendant under a written lease. Although the lease is not printed in the paper-book, we do not understand that there is any contention about the facts that the plaintiff entered into possession of the demised premises under and by virtue of the said lease or that in March, 1909, the rent reserved by said lease was, according to its terms, in arrears to the extent of the verdict rendered. At the date mentioned the defendant landlord issued his warrant of distress to enforce the payment of the rent in arrears and levied upon certain goods and chattels of the plaintiff. The latter thereupon caused to be issued a writ of replevin and, having given the necessary bond, resumed the possession of the property. The action then proceeded for the purpose of determining what rent, if any, was due to the landlord at the time he issued his warrant.

The plaintiff tenant alleged that at the time the warrant issued no rent was due or in arrears because, as he

claimed, the landlord had entered into a parol agreement with him in which he promised that after April 1, 1909, he would repair the property and that he would so extend the time of payment of the rent, beyond the periods mentioned in the written lease, that the tenant should have until the summer of 1909 to make up the payments not only of the rent then in arrears but also of that accruing each month in the meantime.

The tenant does not contend that he was at any time or in any way absolved from the payment of the rent accruing under the terms of his written lease. His sole contention is that when the warrant of distress issued in March, 1909, the rent then appearing to be in arrears and due under the terms of his lease was not in fact due because of the parol promise of the landlord to extend the time of payment until the following summer. The plaintiff's theory therefore rested upon the issue of fact he tendered, to wit, that the rent otherwise appearing to be due was not in fact due when the warrant issued. This question of fact was submitted by the learned trial court to the jury in a manner so fair to the present appellant that at the conclusion of the charge the learned counsel for the appellant stated, as the record shows, "I withdraw those points because your Honor has already affirmed them."

Under such a submission the verdict of the jury establishes that there was no parol promise to extend the due time of the rent reserved under the lease. In the absence of such promise the defense wholly failed and the present plaintiff was left without any legal answer to the demand of his landlord for the rent reserved under the lease.

The single assignment of error complains of the action of the learned trial court in rejecting the plaintiff's offer to prove that the demised premises were untenantable and that the landlord had agreed that after the first of the following April he would make the needed repairs. How could such evidence be relevant to the issue of fact raised by the pleadings? In the absence of a covenant to repair,

the tenant, who had gone into possession under the terms of his lease, could not set up the necessity for such repairs as an answer to the landlord's claim for the rent reserved. The only covenant on the part of the landlord exhibited by the testimony is one to repair after April, 1909. That time had not yet arrived when the warrant of distress issued, and consequently there could have been no breach of it. It is not pretended, as we have already said, that the tenant was in any way excused from his liability to pay the rent, and this rent, accruing before the date on which the landlord covenanted to make repairs, was due and owing whether the demised premises were untenantable, in the opinion of the tenant, or not.

We are unable to discover in the record presented to us any reversible error. The single assignment of error is therefore dismissed.

Judgment affirmed.